# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **CORDON MURPHY**<br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC.**<br>Defendant. | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>)   Case: 2:26-cv-11257<br>)   Assigned To : Leitman, Matthew F.<br>)   Referral Judge: Grand, David R.<br>)   Assign. Date : 4/17/2026<br>)   Description: CMP Murphy v. Equifax Information Soluctions, LLC<br>)   (lh)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

This is an action for actual, statutory, and punitive damages arising from Equifax's willful and/or negligent violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. ("FCRA"). Equifax published and maintained materially inaccurate, incomplete, and misleading information on Plaintiff's consumer credit file and then, upon receiving Plaintiff's formal dispute, failed to conduct a reasonable reinvestigation, failed to delete or correct inaccurate information, introduced new inaccuracies, and actively worsened re-aging violations that extend the improper reporting life of derogatory accounts. The inaccuracies identified herein are not minor clerical discrepancies, but are actually systematic failures that demonstrate Equifax's willful disregard for its obligations under the FCRA.

POOR QUALITY ORIGINAL

1

## I.    INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff Cordon Murphy, against Defendant Equifax Information Services, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

## II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.    Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred here.

## III.    PARTIES

4.    Plaintiff, Cordon Murphy (hereinafter "Plaintiff"), is a natural person residing in the State of Michigan.

5.    Plaintiff is a "consumer" as that term is defined at 15 U.S.C. § 1681a(c).

6.    Defendant, Equifax Information Services, LLC ("Equifax"), regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties for monetary compensation and uses interstate commerce to prepare and/or furnish the reports.

7.    Equifax is a "consumer reporting agency" as defined by the term at 15 U.S.C. § 1681a(f).

## IV.    FACTS OF THE COMPLAINT

### Plaintiff's February 2026 Consumer Disclosure

8. On or about February 09, 2026, Plaintiff requested a copy of his consumer credit disclosure from Equifax via annualcredit.com.

9. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Equifax was required to provide a clear and accurate disclosure of all information in his file at the time of his request, with the exception that his Social Security number could be truncated upon request.

10. Equifax provided an electronic copy of Plaintiff's Consumer Disclosure (hereinafter "Equifax's Disclosure") to him through annualcreditreport.com. (Confirmation No. 6040518012).

11. Upon review, Plaintiff identified multiple material inaccuracies across four tradelines reported on his file by the following furnishers:

- ACCOUNT 1 — ELAN FINANCIAL SERVICES (*2251)
- ACCOUNT 2 — ELAN FINANCIAL SERVICES (*1130)
- ACCOUNT 3 — CUSTOMERS BANK (*4380)
- ACCOUNT 4 — CITICARDS CBNA (*1825)

12. Plaintiff's Equifax Disclosure contained misleading, incomplete, and inaccurate information. Despite Defendant Equifax's statutory obligation to provide a complete and accurate disclosure of all information in Plaintiff's file, Defendant's disclosure omitted critical information as required under 15 U.S.C. §1681g.

13. On or about March 3, 2026, Plaintiff timely submitted a formal dispute to

Equifax, pursuant to 15 U.S.C. § 1681i, challenging each of the identified inaccuracies.

14. Plaintiff sent Equifax his written dispute letter via USPS Certified Mail # 7020 3160 0000 8725 4179.

15. According to USPS Certified Mail tracking, Equifax received Plaintiff's dispute on March 9, 2026.

16. Upon receiving Plaintiff's dispute, Equifax was required under 15 U.S.C. § 1681i(a)(1)(A) to conduct a reasonable reinvestigation into the disputed items within thirty (30) days and to review and consider all relevant information submitted by Plaintiff.

17. Equifax completed its reinvestigation and issued an updated consumer credit disclosure on or about March 30, 2026, by mail to Plaintiff's home address.

18. Rather than correcting the disputed inaccuracies, Equifax's reinvestigation left nearly all material errors intact, introduced new inaccuracies, and on the two Elan Financial Services accounts, advanced the "Date Major Delinquency 1st Reported" from January 31, 2026, to March 31, 2026, the current date of reinvestigation, thereby improperly re-aging those tradelines.

**A. Elan Financial Services, Account No. *2251 — Inaccuracies**

>>> We have researched the credit account. Account # - *2251 The results are: WE VERIFIED THAT THIS ITEM BELONGS TO YOU. WE HAVE VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION *HIGH CREDIT *DATE OF MAJOR DELINQUENCY 1ST REPORTED *HISTORICAL ACCOUNT INFORMATION. If you have additional questions about this item please contact: ELAN FINANCIAL SERVICES, CB Disputes PO BOX 108, PO BOX 108, Saint Louis, MO 63166-1010 Phone: (866) 234-4750

19. The Date of First Delinquency for Account *2251 is reported as December 6,

2023. Accordingly, the Date Major Delinquency First Reported should reflect a date in early 2024, when the major delinquency would have first appeared on the credit file.

20. In the February 2026 disclosure, Equifax reported the Date Major Delinquency First Reported as January 31, 2026, over two years after the actual first delinquency, which constitutes re-aging of the account in violation of 15 U.S.C. § 1681c.

21. Following Plaintiff's dispute, Equifax advanced this date further to March 31, 2026, the exact date of the reinvestigation update, thereby worsening the re-aging violation and further extending the improper reporting period.

22. The current reported balance of $2,472 exceeds the Charge-Off Amount of $1,974 by $498, reflecting improper post-charge-off additions of fees and/or interest that inflate the reported debt without disclosure.

23. The reported balance of $2,472 exceeds the credit limit of $1,800 by $672. No narrative code authorizing or explaining an overlimit balance has been applied.

24. Narrative Code 233 ("Amount in High Credit Column is Credit Limit") is applied in multiple months, yet the High Credit column reflects $2,472 rather than the stated credit limit of $1,800, directly contradicting the representation Code 233 is designed to certify.

25. Narrative Code 166 ("Consumer Disputes This Account Information") and

Code 022 ("Consumer Disputes Reinvestigation in Process") appear simultaneously on the same account in the same months. These codes represent mutually exclusive dispute stages and cannot validly coexist.

26. Narrative Code 169 ("Removes Compliance Condition Codes") appears in the April 2025 entry, yet compliance condition codes remain throughout the account history, a self-contradicting data entry that falsely certifies removal of conditions that are still present.

27. The following required Metro 2 fields remain blank on Account *2251: Date of Last Activity, Date Closed, Scheduled Payment Amount, and Actual Payment Amount. Each is a required data field under the Consumer Data Industry Association Metro 2 Format, and each omission renders the tradeline incomplete and inaccurate.

## B. Elan Financial Services, Account No. *1130 — Inaccuracies

28. The Date of First Delinquency for Account *1130 is reported as December 4, 2023. The Date Major Delinquency First Reported should reflect a date in early 2024.

29. In the February 2026 disclosure, Equifax reported the Date Major

6

Delinquency First Reported as January 31, 2026. Following Plaintiff's dispute, Equifax advanced this date to March 31, 2026, further re-aging the account in violation of 15 U.S.C. § 1681c.

30. The reported balance of $11,307 exceeds the Charge-Off Amount of $9,676 by $1,631, reflecting improper post-charge-off additions that have not been disclosed or explained.

31. The Amount Past Due field reflects the full balance of $11,307. Reporting the entire outstanding balance as "past due" on a charged-off account is a Metro 2 reporting error, as the past due amount and the charge-off balance are distinct fields representing distinct data points.

32. The reported balance of $11,307 exceeds the credit limit of $10,000 by $1,307, with no applicable narrative code explaining the overlimit condition.

33. The 24-Month History table contains entries for months that were present in the February 2026 Disclosure (including November 2024 and September 2025) is entirely absent in the April 2026 Disclosure, with no explanation for the deletion of payment history data.

34. The February 2026 entry shows a blank balance while simultaneously reporting a past due amount, an internal inconsistency that cannot represent an accurate account state.

35. Required Metro 2 fields Date of Last Activity and Date Closed remain blank despite the account carrying a "Closed" Activity Designator.

**C. Customers Bank, Account No. *4380 — Inaccuracies**

>>> We have researched the credit account. Account # - *4380 The results are: WE HAVE VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY. IF YOU HAVE DOCUMENTS THAT RELEASE YOU FROM THIS OBLIGATION, PLEASE FORWARD A COPY TO US. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *HISTORICAL ACCOUNT INFORMATION. If you have additional questions about this item please contact: CUSTOMERS BANK, 99 Bridge St, Phoenixville, PA 19460-3411 Phone: (484) 359-7119

36. The Date Major Delinquency First Reported is blank on Account *4380, despite a confirmed Date of First Delinquency of November 15, 2023. This is a required Metro 2 field, and its omission renders the account's delinquency reporting incomplete.

37. Payment history for Account *4380 displays only positive payment indicators for 2021, 2022, and 2023, with no delinquency or charge-off markers, yet the account carries a Charge-Off status and a Charge-Off Amount of $10,679. Reporting a charged-off account with an entirely positive payment history is internally contradictory and materially misleading.

38. The 24-Month History table reflects two different Last Payment Dates for the same account: September 1, 2023 (October 2025 entry) and September 15, 2023 (all other entries). An account can have only one last payment date. The presence of two conflicting dates is an unresolved data integrity error.

39. Narrative Code 022 ("Consumer Disputes — Reinvestigation in Process") continues to appear on entries dated in 2025 and 2026, on an account that was transferred/sold in February 2024. There is no valid basis for a reinvestigation-in-process code to persist on a closed, transferred account more than one year after the account's disposition.

40. The Date of Last Activity field remains blank on Account *4380.

## D. Citicards CBNA, Account No. *1825 — Inaccuracies

8



41. Account *1825 reflects a Status of "Charge Off," a current balance of $5,345, and a credit limit of $4,400. The Charge-Off Amount is reported as $0. A charged-off account with a $5,345 balance cannot have a $0 Charge-Off Amount. This is a fundamental data integrity failure that was present in the February 2026 Disclosure and survived Equifax's reinvestigation unchanged.

42. The High Credit field for Account *1825 is $0. With a reported balance of $5,345 and a credit limit of $4,400, a High Credit of $0 is mathematically and factually impossible. No account can carry a $5,345 balance while having a $0 High Credit. This error also survived reinvestigation unchanged.

43. The reported balance of $5,345 exceeds the credit limit of $4,400 by $945, with no applicable narrative code explaining the overlimit condition.

44. The Date of First Delinquency is reported as September 16, 2023, which is identical to the Date of Last Payment. It is logically impossible for a payment to be received and for a first delinquency to occur on the same date. This data error was not corrected following reinvestigation.

45. The Date Major Delinquency First Reported remains blank on Account *1825

despite a confirmed delinquency history. The required Metro 2 field was not populated following reinvestigation.

46. The Amount Past Due changed from $2,348 (February 2026 Disclosure) to $2,401 (April 2026 Disclosure) without explanation. On a closed, charged-off account with no subsequent payment activity, the past due amount should not increase during a reinvestigation.

47. The Credit Limit changed from $4,000 (February 2026 Disclosure) to $4,400 (April 2026 Disclosure) without explanation. On an account with a Date Closed of October 1, 2023, the credit limit should not be modified during a reinvestigation absent documentation from the furnisher supporting such a change.

48. Narrative Code 022 ("Consumer Disputes — Reinvestigation in Process") and Narrative Code 167 ("Consumer Disputes After Resolution") appear on the same account history. These codes are mutually exclusive: Code 022 indicates a dispute is pending; Code 167 indicates a dispute has concluded. Both cannot simultaneously be true, and their co-existence creates an inaccurate and misleading dispute status representation.

49. The Date of Last Activity field remains blank on Account *1825.

50. Despite Plaintiff's dispute, Equifax failed to conduct a reasonable investigation and correct the inaccurate and incomplete information detailed in Plaintiff's dispute.

51. On April 09, 2026, Plaintiff submitted a second request for his Equifax file

disclosure through <u>AnnualCreditReport.com</u>. Equifax furnished an electronic consumer credit disclosure, Report Number 6099560549.

52. The disclosure continued to contain the same incomplete and inaccurate data that Plaintiff had previously disputed, demonstrating that Equifax's reinvestigation produced no corrective action whatsoever.

53. Equifax further violated § 1681i(a)(2) by failing to forward to each furnisher all relevant information regarding Plaintiff's dispute that Plaintiff submitted with his March 3, 2026 written dispute letter.

54. The outcome of Equifax's reinvestigation by leaving all material errors intact, advancing the Date Major Delinquency First Reported on the Elan accounts to the reinvestigation date itself, introducing new inaccuracies on Account *1825, and generating payment history gaps on Account *1130, is consistent with Equifax either failing to transmit Plaintiff's specific dispute grounds to the furnishers at all, or transmitting a generic dispute notification that omitted the itemized inaccuracies Plaintiff identified, in violation of § 1681i(a)(2)(A)

55. Equifax's reinvestigation was unreasonable, as evidenced by the advancement of the Date Major Delinquency First Reported on Accounts *2251 and *1130 to the current reinvestigation date, compounding rather than correcting the re-aging error.

56. Equifax's unreasonable reinvestigation produced the introduction of new inaccuracies, including an unexplained increase in the past due amount and

credit limit on Account *1825 and the creation of payment history gaps on Account *1130.

57. Equifax has continued to furnish Plaintiff's consumer report to third parties, including an inquiry from Citibank NA on March 31, 2026, among others, disseminating materially inaccurate information during the dispute period and after the conclusion of Equifax's deficient investigation.

58. As a result of Equifax's willful and negligent conduct, Plaintiff has suffered actual damages including, but not limited to: harm to his credit score and creditworthiness, denial of credit and financing on favorable terms, reputational harm, emotional distress, anxiety, loss of sleep, difficulty concentrating, physical symptoms including headaches, the cost of certified mail and time spent pursuing his statutory dispute rights, and the ongoing harm of having a materially misleading credit report disseminated to third-party users.

**V. CLAIMS FOR RELIEF**

**COUNT I**
**Violation of FCRA § 1681e(b)**
**Failure to Follow Reasonable Procedures to**
**Assure Maximum Possible Accuracy**

59. Plaintiff realleges and incorporates by reference paragraphs 1-58 as if fully set forth herein.

60. 15 U.S.C. § 1681e(b) requires that whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual

12

about whom the report relates.

61. Equifax violated § 1681e(b) by preparing and publishing a consumer report concerning Plaintiff that contained the material inaccuracies described herein, including but not limited to: a $0 Charge-Off Amount on a charged-off account with a $5,345 balance; a $0 High Credit on an account with a $5,345 balance; balances exceeding charge-off amounts and credit limits without explanatory codes; internally contradictory narrative codes; and incomplete Metro 2 data fields.

62. Equifax's failure to maintain reasonable procedures to verify the accuracy of the data it receives from furnishers and publishes in consumer reports constitutes a negligent violation of § 1681e(b).

63. Equifax's violations were willful within the meaning of 15 U.S.C. § 1681n. Equifax is a sophisticated consumer reporting agency with knowledge of Metro 2 compliance requirements. The errors identified herein are logical and mathematical impossibilities that no reasonable reinvestigation procedure could have verified as accurate. Equifax's failure to correct these errors despite Plaintiff's specific, itemized dispute constitutes, at minimum, reckless disregard for its FCRA obligations.

64. As a result of Equifax's violations, Plaintiff has suffered damages including but not limited to: damage to his credit reputation; denial of or inability to access credit on favorable terms; emotional distress; anxiety; frustration; and loss of time spent disputing inaccurate information.

## COUNT II
### Violation of FCRA § 1681i(a)
### Failure to Conduct Reasonable Reinvestigation

65. Plaintiff realleges and incorporates by reference paragraphs 1-58 as if fully set forth herein.

66. 15 U.S.C. § 1681i(a)(1)(A) requires that upon receipt of a dispute from a consumer regarding the completeness or accuracy of any item of information in the consumer's file, a consumer reporting agency shall conduct a free reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.

67. 15 U.S.C. § 1681i(a)(5)(A) requires that if, after reinvestigation, any information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information.

68. Equifax failed to conduct a reasonable reinvestigation. Despite Plaintiff's specific identification of: **(a)** re-aging on Accounts *2251 and *1130; **(b)** a $0 Charge-Off Amount on Account *1825; **(c)** a $0 High Credit on Account *1825; **(d)** contradictory narrative codes; and **(e)** incomplete required Metro 2 fields that Equifax left nearly all material errors unresolved.

69. Equifax's reinvestigation was unreasonable, as evidenced by: **(a)** the advancement of the Date Major Delinquency First Reported on Accounts *2251 and *1130 to the current reinvestigation date, compounding rather

14

than correcting the re-aging error; **(b)** the introduction of new inaccuracies, including an unexplained increase in the past due amount and credit limit on Account *1825; and **(c)** the creation of payment history gaps on Account *1130.

70. Equifax's conduct constitutes a negligent violation of 15 U.S.C. § 1681i(a).

71. Plaintiff suffered actual damages as a result of Equifax's negligent failure to conduct a reasonable reinvestigation, as described herein.

## COUNT III
### Violation of FCRA § 1681c
### Unlawful Re-Aging of Derogatory Information

72. Plaintiff realleges and incorporates by reference paragraphs 1-58 as if fully set forth herein.

73. 15 U.S.C. § 1681c(a) prohibits consumer reporting agencies from reporting accounts that antedate the consumer report by more than seven years, measured from the date of first delinquency.

74. The mechanism by which the seven-year period is calculated is anchored to the Date of First Delinquency and, critically, the Date Major Delinquency First Reported, which must accurately reflect when the major delinquency was first placed on the consumer's file.

75. For Account *2251 (Elan Financial Services), the Date of First Delinquency is December 6, 2023. The Date Major Delinquency First Reported should be a date in early 2024. Equifax reported this date as January 31, 2026, in the

February 2026 Disclosure, and then advanced it to March 31, 2026, the date of the reinvestigation, in the April 2026 Disclosure.

76. For Account *1130 (Elan Financial Services), the Date of First Delinquency is December 4, 2023. Equifax similarly advanced the Date Major Delinquency First Reported from January 31, 2026, to March 31, 2026, following reinvestigation.

77. By advancing the Date Major Delinquency First Reported to match the current reinvestigation date, Equifax has caused these tradelines to appear as though the major delinquency was first reported in March 2026, rather than in early 2024, effectively restarting the clock on the seven-year permissible reporting period and extending the derogatory tradelines' presence on Plaintiff's credit file far beyond what FCRA § 1681c allows.

78. This practice of re-aging, whether the result of a deliberate system policy or reckless indifference to the FCRA's requirements constitutes a violation of 15 U.S.C. § 1681c and entitles Plaintiff to relief under 15 U.S.C. §§ 1681n and/or 1681o.

## COUNT IV
## Violation of FCRA § 1681g(a)
## Failure to Provide Clear and Accurate Consumer Disclosure

79. Plaintiff realleges and incorporates by reference paragraphs 1-58 as if fully set forth herein.

80. 15 U.S.C. § 1681g(a) requires that every consumer reporting agency, upon request and subject to § 1681h(a)(1), clearly and accurately disclose to the

16

consumer all information in the consumer's file at the time of the request.

81. Equifax violated this section by providing to Plaintiff two seperate Disclosures, before and after its reinvestigation, that omits required data fields, contains internally contradictory entries, and presents information that does not reflect the actual state of the file and therefore does not satisfy its obligation under 15 U.S.C. § 1681g(a).

82. Equifax's violations of § 1681g(a) were willful within the meaning of 15 U.S.C. § 1681n. The persistence of these errors across two separate disclosures, the second of which was issued after Plaintiff's formal dispute, further evidences Equifax's willful or reckless disregard for its statutory obligations.

83. As a result of Equifax's violations of § 1681g(a), Plaintiff has suffered actual damages including, but not limited to: his inability to accurately assess and correct the information being reported about him in Equifax's file; the expenditure of time, money, and effort disputing inaccuracies he was not fully or accurately informed of by Equifax's own disclosure; harm to his creditworthiness arising from inaccurate information that Equifax's deficient disclosure obscured rather than clarified; and emotional distress and ustration resulting from his inability to obtain a clear and accurate picture of his own consumer file from the agency statutorily obligated to provide one

## V. PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff CORDON MURPHY demands a trial by jury on all

17

issues so triable and respectfully requests that this Court:

a)  Enter judgment in Plaintiff's favor and against Defendant Equifax Information Services LLC on all counts;

b)  Award Plaintiff actual damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

c)  Award Plaintiff statutory damages of not less than $100 nor more than $1,000 per willful violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d)  Award Plaintiff punitive damages in an amount sufficient to deter Defendant and others similarly situated from engaging in the same or similar conduct in the future, pursuant to 15 U.S.C. § 1681n(a)(2);

e)  Award Plaintiff costs of suit and reasonable fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

f)  Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Cordon Murphy

Cordonm513@gmail.com
355 Brush st Apt. 2115
Detroit, MI 48226
313-800-3866

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** CORDON MURPHY

**(b)** County of Residence of First Listed Plaintiff   *Wayne*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

Cordon m 513 @gmail.com

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
555 Brush st Apt. 2115 Detroit, MI 48226

**DEFENDANTS** EQUIFAX INFORMATION SERVICES, LLC

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

480

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

---

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1681i

Brief description of cause:
Failure to conduct a reasonable investigation into a consumer dispute

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*    JUDGE                            DOCKET NUMBER

---

DATE 04/17/2026          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse  (Rev. 08 18)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.